UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACCELERANT SPECIALTY INSURANCE COMPANY; HADRON SPECIALTY INSURANCE COMPANY; PALOMAR EXCESS AND SURPLUS LINES INSURANCE COMPANY; TEXAS INSURANCE COMPANY; and LLOYD'S SYNDICATES PER UMR B0507G02400002,<br><br>Plaintiffs,<br><br>v.<br><br>MAVERICK INVESTMENTS, LLC,<br><br>Defendant. | Case No.: 25-cv-2233-WQH-MSB<br><br>**ORDER** |

HAYES, Judge:

    On August 27, 2025, Plaintiffs Accelerant Specialty Insurance Company; Hadron Specialty Insurance Company; Palomar Excess and Surplus Insurance Company; Texas Insurance Company; and Lloyd's Syndicates with UMR B0507G02400002 (collectively, "Plaintiffs") filed their Complaint against Defendant Maverick Investments, LLC

1  ("Defendant") seeking declaratory judgment related to an insurance agreement. (ECF No.
2  1.)

3      On November 24, 2024, Plaintiffs filed the pending Motion for Order Authorizing
4  Service of Process (ECF No. 4) requesting that the Court authorize service of process on
5  Defendant by hand delivery of the Summons and Complaint to the California Secretary of
6  State. Plaintiffs represent that they "have been unable to personally serve the Summons
7  and Complaint in this action on an agent, officer, and/or chief executive officer" of
8  Defendant. (ECF No. 4-1 at 2.) Plaintiffs represent that they were unable to identify contact
9  information for Defendant via the digital records of the California Secretary of State and
10 arranged to have the Summons and Complaint served on the Defendant's address listed in
11 their insurance agreement. *Id.* at 3–4. Service was unsuccessful. *Id.* at 4. Plaintiffs represent
12 that they subsequently attempted to serve the Summons and Complaint to two addresses
13 associated with Defendant's Chief Executive Officer that were obtained via a "paid legal
14 data base[]," but service was again unsuccessful. *Id.* at 4–5.

15     Federal Rule of Civil Procedure 4 provides that a corporation, like an individual,
16 may be served by "following state law for serving a summons in an action brought in courts
17 of general jurisdiction in the state where the district court is located." Fed. R. Civ. P.
18 4(e)(1), 4(h). California law provides that, "if no agent has been designated, and it is shown
19 by affidavit to the satisfaction of the court that process against a domestic corporation
20 cannot be served with reasonable diligence upon the designated agent by hand" pursuant
21 to the California Code of Civil Procedure, then a court may "make an order that the service
22 be made upon the corporation by delivering by hand to the Secretary of State . . . one copy
23 of the process for each defendant to be served, together with a copy of the order authorizing
24 such service." Cal. Corp. Code § 1702(a).

25     To determine whether a plaintiff has exercised "reasonable diligence" in their
26 attempts to serve a defendant, the Court considers "whether the plaintiff took the steps a
27 reasonable person who truly desired to give notice of the action would have taken under
28 the circumstances." *Rios v. Singh*, 65 Cal. App. 5th 871, 880–81 (Cal. Ct. App. 2021).

Typically, "two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made." *Voltstar Techs. v. Motek Team, Inc.*, No. 25-CV-01861-BAS-KSC, 2025 WL 3124126, at *2 (S.D. Cal. Nov. 7, 2025) (quoting *Trackman v. Kenney*, 187 Cal. App. 4th 175, 185 (Cal. Ct. App. 2010)). Plaintiffs represent that, after failing to identify Defendant's designated agent via the California Secretary of State's online database, they attempted to serve Defendant's Chief Executive Officer at three known addresses on eight total occasions. (ECF No. 4 at 4–5.) The Court finds that Plaintiffs' utilization of publicly available information and repeated attempts to serve Defendant at multiple locations indicate that they acted with reasonable diligence in their attempts to serve Defendant. The Court now authorizes Plaintiffs to serve Defendant in accordance with California Corporations Code § 1702(a).

IT IS HEREBY ORDERED that Plaintiffs' Motion for Order Authorizing Service of Process (ECF No. 4) is granted. Plaintiffs shall serve Defendant Maverick Investments, LLC by delivering the Summons, Complaint, and a copy of this Order to the California Secretary of State pursuant to the requirements of the California Corporations Code § 1702(a).

Dated: December 5, 2025

Hon. William Q. Hayes
United States District Court