UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

ACCELERANT SPECIALTY INSURANCE COMPANY, HADRON SPECIALTY INSURANCE COMPANY, PALOMAR EXCESS AND SURPLUS LINES INSURANCE COMPANY, TEXAS INSURANCE COMPANY and LLOYD'S SYNDICATES PER UMR B0507G02400002,

Plaintiffs,

v.

MAVERICK INVESTMENTS, LLC,

Defendant.

Case No.: 3:25-cv-02233-WQH-MSB

**ORDER**

HAYES, Judge:

The matter before the Court is Defendant Maverick Investments, LLC's Motion to Set Aside Entry of Default. (ECF No. 17.)

**I. PROCEDURAL HISTORY**

On August 27, 2025, Plaintiffs Accelerant Specialty Insurance Company, Hadron Specialty Insurance Company, Palomar Excess and Surplus Lines Insurance Company, Texas Insurance Company, and Lloyd's Syndicates per UMR B0507G02400002 (collectively, "Plaintiffs") filed a Complaint against Defendant Maverick Investments,

LLC ("Maverick"). (ECF No. 1.) Plaintiffs seek declaratory judgment that their insurance contract with Maverick does not entitle Maverick to coverage for a claim related to an alleged collision on March 15, 2025 between Maverick's vessel and a vessel owned by Lokahi Ocean Science, LLC. *Id.* at 4, 13–14.

On November 24, 2025, Plaintiffs filed a Motion for Order Authorizing Service by Delivery to California Secretary of State. (ECF No. 4.) Plaintiffs stated that Maverick "is a limited liability corporation organized in the [State] of California," and that their repeated attempts to serve Maverick by personal service had been unsuccessful thus far. (ECF No. 4-1 at 2–5.)

On December 5, 2025, the Court issued an Order permitting Plaintiffs to serve Maverick by delivering the Summons, Complaint, and a copy of the Order to the California Secretary of State pursuant to California Corporations Code § 1702(a). (ECF No. 5 at 3.) On December 12, 2025, Plaintiffs filed proof of service by delivery to the California Secretary of State. (ECF No. 6.)

On January 9, 2026, Plaintiffs filed a Request for Entry of Default against Maverick. (ECF No. 8.) On January 16, 2026, the Clerk of Court entered default as to Maverick. (ECF No. 10.) On February 13, 2026, Plaintiffs filed a Motion for Default Judgment against Maverick. (ECF No. 11.)

On June 11, 2026, non-party David Koravos ("Koravos") filed a Motion to Vacate Default. (ECF No. 12.) Koravos stated that Maverick is a "Colorado limited liability company with a registered agent in Denver, Colorado," and that service through the California Secretary of State failed to provide Maverick with adequate notice of this action. *Id.* at 1–2. Koravos also stated that he is the "sole member" of Maverick. *Id.* at 2.

On June 18, 2026, the Court issued an Order staying the proceedings for thirty days and instructing Maverick to retain an attorney. (ECF No. 13 at 2–3 (citing *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973–74 (9th Cir. 2004) (holding that

"corporations and other unincorporated associations must appear in court through an attorney")).) On July 8, 2026, attorney Frank S. Clowney, III entered an appearance on behalf of Maverick. (ECF No. 14.)

On July 9, 2026, Maverick filed the pending Motion to Set Aside Default. (ECF No. 17.) On August 4, 2026, Plaintiffs filed an Opposition. (ECF No. 21.)[1] On August 7, 2026, Maverick filed a Reply. (ECF No. 22.)

## II. CONTENTIONS

Maverick contends that the entry of default should be set aside because Plaintiffs failed to adequately effect service of the Summons and Complaint. (ECF No. 17 at 2.) Maverick contends that it is a Colorado limited liability company with a registered agent for service of process in Denver. *Id.* Maverick contends that Plaintiffs' purported service, pursuant to the terms of California Corporation Code § 1702(a), is appropriate only for California corporations. *Id.* at 2–3. Maverick contends that it "did not evade service" and was "simply unaware of the pending litigation" until an attorney representing an opposing party in a related case informed Koravos about this action. *Id*. at 5; *see also* Declaration by David Koravos, ECF No. 17-2 ¶ 7.

Plaintiffs respond that Maverick was required to maintain a certificate of registration in California to lawfully conduct business within its borders and that, because of Maverick's failure to properly register and designate an agent for service of process, their service on the California Secretary of State was proper. (ECF No. 21 at 14–15.) Plaintiffs contend that Maverick's failure to follow proper procedures for corporate registration qualifies as "culpable conduct" such that the entry of default should not be set aside. *Id.* at 15–16. Plaintiffs also contend that Maverick does not have a meritorious defense and that,

[1] Plaintiffs filed their Opposition on August 3, 2026. (ECF No. 19.) Then, Plaintiffs withdrew their filing and refiled under the proper CM/ECF account. (ECF Nos. 20, 21.)

if the Court sets aside the entry of default, they will be prejudiced because Maverick may collude with its adverse party in the "underlying suit" related to the boat collision that gave rise to this action. *Id.* at 16–20.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) provides that a court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "To determine 'good cause,' a court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (cleaned up; citations omitted). "[A] finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id.* The Ninth Circuit cautions, however, that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

## IV. DISCUSSION

The Court considers whether any of the three factors militate in favor of denying Maverick's motion to set aside the entry of default in this action. In doing so, the Court heeds the Ninth Circuit guidance that that "rules for determining when a default should be set aside are solicitous towards movants, especially those whose actions leading to the default were taken without the benefit of legal representation." *Mesle*, 615 F.3d at 1089.

### A. Culpable Conduct

A defendant's "conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). Here, Maverick contends that it did not receive notice of this action despite Plaintiffs' repeated attempts to effect service at

Koravos's personal address because Koravos was "visiting his minor children for most of the week in question." (ECF No. 22 at 9.) Maverick also contends that its registration with the Colorado Secretary of State, rather than the California Secretary of State, was "carried out on advice of counsel" and was not intended to "deceive anyone or obstruct the service of process." *Id.* at 8. Koravos submits a declaration swearing that he was "unaware of this action" until being informed by the opposing party in the related case. (ECF No. 17-2 ¶ 7.)

Based on the sworn statements submitted in support of Maverick's motion, the Court cannot identify the "bad faith necessary to find that [Maverick] intentionally failed to answer" the Complaint. *Mesle*, 615 F.3d at 1093. Moreover, the alleged deficiencies in Maverick's corporate registration do not indicate an intentional effort to avoid service of process. The Court fails to identify any culpable conduct by Maverick such that the entry of default should not be set aside.

**B. Meritorious Defense**

"All that is necessary to satisfy the meritorious defense requirement is to allege sufficient facts that, if true, would constitute a defense: the question whether the factual allegation is true is not to be determined by the court when it decides the motion to set aside the default." *Mesle*, 615 F.3d at 1094 (citation and quotations omitted). The Ninth Circuit describes the movant's burden as "not extraordinarily heavy." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 700 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001).

This action concerns Plaintiffs' denial of coverage for an insurance claim based on Maverick's alleged breach of multiple provisions of an insurance contract because Maverick purportedly failed to comply with certification standards for the fire safety equipment onboard its vessel. (Compl. ¶¶ 22, 31–75.) Maverick contends that Koravos had the vessel repeatedly inspected in 2024 by a "certified marine surveyor," who prepared a written report recommending certain repairs and indicating that the "Halon fire suppression

system" aboard the vessel had expired. (ECF No. 22 at 2–3.) Maverick contends that it provided this "vessel survey report" to an insurance broker when seeking its policy. *Id.* at 3–4. Maverick contends that, in December of 2024, Koravos purchased "eight new Kiddle Pro 210 handheld fire extinguishers and installed them throughout" the vessel. *Id.* at 4. Maverick contends that it was Koravos's "understanding" that these handheld fire extinguishers "satisfied the United States Coast Guard Requirements" and that the Halon fire suppression system was "redundant and unnecessary." *Id.* Maverick contends that Plaintiffs "issued the [insurance] policy with full knowledge that the Halon fire suppression system had not been recertified." *Id.*

At this stage of the proceedings, the Court finds that Maverick alleges sufficient facts "that, if true, would constitute a defense" to Plaintiffs' contractual claims. *United States v. Aguilar*, 782 F.3d 1101, 1107 (9th Cir. 2015) (quoting *Mesle*, 615 F.3d at 1094). Maverick sufficiently identifies the possibility of a meritorious defense such that the entry of default should be set aside and the parties afforded the opportunity to litigate Plaintiffs' claims on their merits. This finding applies only to the pending motion and is without prejudice to either party raising arguments on the merits in any subsequent substantive motion.

### C. Prejudice to Plaintiffs

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *Mesle*, 615 F.3d at 1095 (quoting *TCI Grp.*, 244 F.3d at 701); *see also Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433–34 (6th Cir. 1996) (explaining that prejudice requires "more than delay" and "must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion").

Plaintiffs contend that that setting aside the entry of default in this action will allow Maverick to "collude with the plaintiffs" in a related case before this Court: *Lokahi Ocean Science, LLC v. Koravos, et al.*, in which the purported owners of a research vessel seek

damages against Maverick for the alleged collision between their vessels. (ECF No. 1 ¶¶ 9, 16–20, Case No. 26-cv-3362-WQH-MSB.) Maverick "denies that any such collusion or fraud has either occurred or been contemplated," and Plaintiffs do not explain why litigation of the merits of their insurance dispute will provide Maverick with the opportunity to collude with adverse parties in the related action before this Court. (ECF No. 22 at 6.) Based on the current record, the Court does not find that setting aside the entry of default will unduly prejudice Plaintiffs.

Having determined that none of the three foregoing factors militate in favor of denying Maverick's motion, the Court finds good cause to set aside the entry of default in this action and to permit the parties to litigate their dispute on the merits.

## V. CONCLUSION

IT IS HEREBY ORDERED that the Motion to Set Aside Default (ECF No. 17) is granted. The Clerk of Court's entry of default as to Maverick (ECF No. 10) is vacated. Maverick shall respond to the Complaint (ECF No. 1) within thirty (30) days of the filing of this Order.

IT IS FURTHER ORDERED that the Motion to Vacate Clerk's Entry of Default (ECF No. 12) filed by Koravos is denied as moot.

Dated: August 13, 2026

William Q. Hayes

Hon. William Q. Hayes
United States District Court